IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00326-PAB

MO S. SIKDER,

    Plaintiff,

v.

DEPARTMENT OF HOMELAND SECURITY,

    Defendant.

---

# MINUTE ORDER

**Entered by Judge Philip A. Brimmer**

    This matter comes before the Court on the Status Report [Docket No. 22] filed by plaintiff on February 20, 2019.
    Plaintiff, proceeding *pro se*, initiated this lawsuit on February 7, 2019. Docket No. 1. In his complaint, plaintiff alleges violations of the Administrative Procedure Act ("APA"), the Immigration and Nationality Act ("INA"), and the Fifth Amendment of the U.S. Constitution based on defendant's failure to facilitate plaintiff's return to the United States for removal proceedings. *See* Docket No. 1 at 6-7, 9-10, 13-15. On February 14, 2019, the Court obtained records from the Immigration Court showing that the Immigration Court had granted plaintiff's request for facilitation of return on January 30, 2019. *See* Docket No. 18 at 3. In light of these records, the Court ordered plaintiff to file a status report addressing whether the case should be dismissed as moot. Docket No. 20. Plaintiff filed his status report on February 20, 2019 stating that "this case does not need to be continued any further" because the responsibility of facilitating plaintiff's return to the United States is "now in the hands of the DHS." Docket No. 22 at 2. Plaintiff "request[s] that this case be closed and withdrawn" in light of the Immigration Court records docketed by the Court on February 14, 2019. *Id.* at 3; *see also* Docket No. 18 (Immigration Court records).
    Mindful that the filings of *pro se* litigants are to be construed liberally, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court construes plaintiff's Status Report [Docket No. 22] as a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i). *See Gagan v. Eid*, No. 07-cv-00112-BNB, 2007 WL 1499782, at *1 (D. Colo. May 17, 2007) (construing pro se plaintiff's motion to dismiss liberally as a notice of voluntary dismissal under Rule 41(a)(1)(A)); *see also Roddy v. Dendy*, 141 F.R.D. 261, 261 (S.D. Miss. 1992) (fact that plaintiff styled document "Motion for Voluntary Dismissal" rather than notice of dismissal under Rule 41(a)(1) was "without legal significance since the effect desired by [plaintiff] in filing the document . . . was clearly

to have his claims dismissed without prejudice"). Because a notice of voluntary dismissal under Rule 41(a)(1)(A)(i) is "effective immediately upon the filing of a written notice of dismissal, . . . no subsequent court order is necessary." *Gagan*, 2007 WL 1499782, at *1; *see also De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011); *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003). Wherefore, it is

**ORDERED** that plaintiff's Status Report Per the Honorable US District Court [Docket No. 22], filed on February 20, 2019, is construed as a notice of voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). It is further

**ORDERED** that the voluntary dismissal was effective as of February 20, 2019. It is further

**ORDERED** that this case is closed.

DATED March 1, 2019.